IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Dennis R. McClain,** *et al.*, | : | |
| Plaintiff, | : | Civil Action 2:06-cv-311 |
| v. | : | Judge Smith |
| **HON Company,** *et al.*, | : | Magistrate Judge Abel |
| Defendant. | : | |

# ORDER

Plaintiff Dennis McClain brings this product liability action against defendants Hon Company and HNI Corporation. The complaint alleges that on August 4, 2004 plaintiff sustained serious personal injuries when the HON chair he was sitting on broke and he fell backward to the floor. The complaint also asserts claims for spousal and parental loss of consortium.

This matter is before the Court on defendants Hon Company and HNI Corporation's February 21, 2007 motion to reconsider the Magistrate Judge's February 14, 2007 Order (doc. 15). The Magistrate Judge's February 14, 2007 Order denied defendants' motion to join the Ohio Bureau of Workers' Compensation ("OBWC").

<u>Defendants' Objections</u>. Defendants maintain that the OBWC has an interest in the claims asserted in plaintiffs' complaint, and the Supreme Court has held that an insurer-subrogee is the real party in interest pursuant to Rule 17(a) of the Federal Rules of Civil Procedure.

1

Defendants maintain that it is undisputed that OBWC is the real party in interest with respect to a significant amount of the medical expense being claimed by plaintiff.

Defendants argue that a significant issues exists with respect to the medical causation of plaintiff's injuries. Defendants contend that plaintiff had a pre-existing condition involving his neck and lower back, and the majority of the medical expenses that have been paid by OBWC are not causally related to the incident at issue in this case. As a result, defendants maintain that they are not responsible for a large portion of the OBWC's subrogation claim.

<u>Discussion</u>. Rule 17(a) of the Federal Rules of Civil Procedure states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).

> To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief.

Wright, Miller & Kane, Federal Practice and Procedure § 1544 (2d 1990). Here, the statute permits either the recipient of workers' compensation benefits or the statutory subrogee to bring an action against a third party:

> The right of subrogation under this chapter is automatic, *regardless of whether a statutory subrogee is joined as a party in an action by a claimant against a third party*. A statutory subrogee may assert its subrogation rights through correspondence with the claimant and the third party or their legal representatives. *A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant*. If a statutory subrogee institutes legal proceedings against a third party, the statutory subrogee shall provide notice of that fact to the claimant. If the statutory subrogee joins the claimant as a necessary party, or if the claimant elects to participate in the proceedings as a party, the claimant may present the claimant's case first if the matter proceeds to trial. *If a claimant disputes the validity or amount of an asserted subrogation interest, the claimant shall join the statutory subrogee as a necessary party to the action against the third party*.

Ohio Rev. Code § 4123.931(H)(emphasis added). The statute provides that both the claimant and the statutory subrogee have a substantive right under state law, but the statute also clearly contemplates circumstances where the statutory subrogee is not joined. That is, the claimant may file suit to recover damages that OBWC has a subrogation interest in. OBWC may join that suit to protect its subrogation interest, but it is not required to do so. Defendant is attempting to force OBWC to join this lawsuit, but Ohio Revised Code § 4123.931(a) does not give the tortfeasor the right to force OBWC to join.

> Rule 19(a) provides in pertinent part:
>
> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). Section 4123.931 of the Ohio Revised Code provides in pertinent part:

> The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. *The net amount recovered is subject to a statutory subrogee's right of recovery*.

Ohio Rev. Code § 4123.931(a)(emphasis added). The "net amount recovered" is defined as the amount of any award, settlement, compromise, or recovery by a claimant against a third party, minus the attorney's fees, costs, or other expenses incurred by the claimant in securing the award, settlement, compromise, or recovery. Ohio Rev. Code § 4123.93(E). The statute provides a mechanism for allocating the amount recovered from a third party:

3

> If a claimant, statutory subrogee, and third party settle or attempt to settle a claimant's claim against a third party, the claimant shall receive an amount equal to the uncompensated damages divided by the sum of the subrogation interest plus the uncompensated damages, multiplied by the net amount recovered, and the statutory subrogee shall receive an amount equal to the subrogation interest divided by the sum of the subrogation interest plus the uncompensated damages, multiplied by the net amount recovered, except that the net amount recovered may instead be divided and paid on a more fair and reasonable basis that is agreed to by the claimant and statutory subrogee.

Ohio Rev. Code § 4123.931. The statute further states:

> No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee and, when required, the attorney general, with prior notice and a reasonable opportunity to assert its subrogation rights. If a statutory subrogee and, when required, the attorney general are not given that notice, or if a settlement or compromise excludes any amount paid by the statutory subrogee, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.

Ohio Rev. Code § 4123.931(g).

As the Magistrate Judge concluded, the OBWC, as the statutory subrogee, is only entitled to recover a portion of those damages that plaintiff actually recovers from defendant. The statute is designed to prevent a recipient of worker's compensation benefits from receiving a double recovery, that is the plaintiff should not be reimbursed for the medical treatment or any other benefits that have been paid by the OBWC. Instead, the OBWC has a subrogation interest in any "past, present, and estimated future payments of compensation, medical rehabilitation costs. . . and any other costs or expenses paid to or on behalf of the claimant by the statutory subrogee. . . ." To the extent that the OBWC has paid the medical bills associated with plaintiff's injury and plaintiff recovers damages from the tortfeasor for those medical bills, OBWC has a subrogation interest in that recovery. On the other hand, plaintiffs seek loss of spousal and parental consortium claims, and plaintiff has not received compensation from the OBWC for these

4

claims. The statute provides a formula for allocating any recovery obtained from a third party between the uncompensated damages and the subrogation interest of the OBWC.

The Magistrate Judge concluded that defendants would be jointly and severally liable to pay the statutory subrogee the full amount of subrogation interest only if the parties to this lawsuit reach a settlement that attempts to exclude an amount that has been paid by the OBWC. Defendants argue that any settlement or compromise will exclude an amount paid by the OBWC. Defendants misunderstand the statute. The net amount recovered, either through settlement or by way of trial and an award of damages, is subjected to that statutory subrogee's right of recovery. The statutory framework simply provides a mechanism for allocating the amount paid by a third party, the result of either a settlement or a trial, between the OBWC and the claimant. Here, plaintiff seeks to recover from defendants some damages which the OBWC did not cover. Although defendants maintain that they are attempting to exclude the amount paid by OBWC, what defendants are really doing is disputing that they are liable for the injuries plaintiff alleges. The issue of whether or not defendants are liable for plaintiff's injuries is an entirely different matter. If defendants ultimately prevail on this argument, then neither plaintiffs or the OBWC will recover any damages from defendants. On the other hand, if plaintiffs prevail to some extent but they are not awarded the total amount of damages that they seek, what they do recover will be subject to the formula outline in sections 4123.931(B) or (D) of the Ohio Revised Code.

If the parties reach a settlement, section 4123.931(G) prohibits the parties to the lawsuit from attempting to circumvent the formula for allocating damages between the claimant and the statutory subrogee by characterizing some damages in such a manner as to exclude them from the calculation outlined in the statute. If an attempt to exclude damages is made, the statute

provides that the claimant and the third party shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest. Therefore, defendant is not at risk of incurring double, multiple, or otherwise inconsistent obligations so long as proper notice is given to the OBWC and the attorney general of any settlement, compromise, judgment, award, or other recovery. Under these circumstances, defendants do not face a substantial risk if the OBWC is not joined.

Moreover, should plaintiff and defendant enter into a settlement subject to the OBWC's approval, and the OBWC disputes how the damages are allocated, then defendant could renew its motion to join the OBWC as a party. At that time, the OBWC would arguably be an indispensable party. Defendant is not harmed in any way by waiting until that time, if ever, that a real dispute arises between it and the OBWC to join it to this lawsuit. First, a settlement may never be reached. Defendant might file a motion for summary judgment that is granted. The case might be tried and a verdict returned for defendant. If a settlement is tentatively reached, the OBWC may well agree to it. But should it not, defendant suffers no inconvenience in joining the OBWC at that time.

For the reasons stated above, defendants Hon Company and HNI Corporation's February 21, 2007 motion to reconsider the Magistrate Judge's February 14, 2007 Order (doc. 15) is **DENIED**.

As the Magistrate Judge suggested, if there are settlement discussions conducted with Court supervision–either a Settlement Week mediation or settlement discussions with a judge–defendants may invite OBWC to participate. The Court would welcome the participation of OBWC in any settlement discussions.

                                          **/s/ George C. Smith**
                                          **George C. Smith**
                                          **United States District Judge**